ORDER
SAYRE, JUDGE:
An application of the claimant, Dewitt N. Hale, for an award under the West Virginia Crime Victims Compensation Act, was filed March 1,2006. The report of the Claim Investigator, filed September 25, 2006, recommended that an award of $254.90 be granted, to which the claimant filed a response in disagreement. An Order was issued on February 22, 2007, reversing the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed February 28, 2007. This matter came on for hearing July 10, 2007, the claimant appearing in person and by counsel, Jonathan R. Mani, and the State of West Virginia by counsel, Benjamin F. Yancey, III, Assistant Attorney General.
On July 12, 2005, the 44-year-old claimant was the victim of criminally injurious conduct in Chesapeake, Kanawha County. The claimant was walking east *330 along MacCorkle Avenue when he was struck by a vehicle which had left the roadway. The vehicle then sped away. As a result of the incident, the claimant suffered injuries to his left anide.
This Court initially denied an award because there was an insufficient finding of “criminally injurious conduct.” The Court ruled that the testimony of a third-party witness did not establish that the offending driver intended to cause personal injury or death, was guilty of driving under the influence of alcohol, controlled substances, or drugs, or committed reckless driving, as required by W.Va. Code § 14-2A-3(c).
The claimant testified at the hearing that on the day in question, he was walking on the berm of the road, straddling his bicycle and talking with a female companion named Carol. The claimant happened to look back and see a truck swerve off the road and then re-enter it. A witness, Richard Walker, who was on his porch across the street, shouted, “Look behind you.” By the time the claimant turned, the truck was up on them. He pushed his friend out of the way and dove off the bicycle. The truck then struck the bike and the claimant’s ankle.
When asked about the truck’s location on the berm, the claimant revealed that it was “a good four feet” off the roadway. The claimant added that he was wearing his work clothes - dark pants and pinstriped shirt - and that there were reflectors on the bike. His companion Carol was wearing white shorts and a white and red shirt.
The driver of the truck was never found, so there have been no arrests in this matter.
Based on the foregoing, the Court will reverse its previous ruling. It appears from the evidence that an intentional battery occurred, if not reckless driving. The fact that no one has been arrested and prosecuted for the crime(s) should not preclude an innocent victim from receiving an award of compensation. Therefore, the Claim Investigator’s original recommended award of $254.90 is hereby granted as set forth in the attached economic loss analysis.
Any additional unreimbursed allowable expenses, if incurred by the claimant as the result of this crime, may be submitted to the Court for further review.